Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 - (MDL 1417) | **DATE** | 6/6/2002 |
| **CASE TITLE** | Jeffrey Bradley et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss count III of retiree plaintiffs' consolidated complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 07 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 169 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 JUN -7 PM 4:06 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY BRADLEY, et al., )
)
Plaintiffs, )
)
vs. ) No. 01 C 2963
)
AMSTED INDUSTRIES, INC., et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this complaint against Amsted Industries, Inc. (Amsted), Amsted Industries Incorporated Employees' Stock Ownership Plan (ESOP), and various individual defendants under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, alleging wrongful denial of claims and benefits, breach of fiduciary duty, equitable estoppel, interference with protected rights, and unlawful plan amendments. Defendants move to dismiss plaintiffs' equitable estoppel claim. For the following reasons, defendants' motion is denied.

## BACKGROUND

Plaintiffs have previously filed various individual and collective complaints against defendants. On August 21, 2001, the Judicial Panel on Multi-District Litigation transferred these actions to this court for coordinated pretrial hearings. On October 4, 2001, we ordered the filing of two amended consolidated complaints, one brought by Amsted retirees and the other brought on behalf of non-retirees. Defendants currently have three dismissal and/or summary judgment motions pending before this court. We now address the motion to dismiss count III of the retiree plaintiffs' consolidated complaint.

The facts here are taken from plaintiffs' complaint. Allegedly, plaintiffs have accumulated stock or securities held in the Amsted Incorporated Employees' Stock Ownership Plan (ESOP). The ESOP is a benefit plan that makes employees owners of the company and annually distributes shares of stock to the participants' individual ESOP retirement accounts. These account values change with the company's stock price fluctuations. Under section 7.5 of the ESOP plan in effect prior to April 25, 2000, employees separating with either 30 years of service or after attaining the age 55 were entitled, at their election, to receive the value of their ESOP account in a lump sum cash payment.

Plaintiffs claim that they are participants in and beneficiaries of the ESOP, and all gave notice of retirement before April 24, 2000. They allege that defendants, either directly or through representatives, informed them that they could elect to receive their ESOP benefits in a lump sum payment upon retirement. These alleged representations include instructions and recommendations regarding how and when to file distribution election forms. One such example is a letter attached to plaintiff's complaint allegedly sent on April 7, 2000, to plaintiff Schilling. In addition to a description of his retirement plan, the letter provides: "We have also enclosed the distribution and withdrawal forms for the Employee Stock Ownership Plan. ...{I]f you wish to withdraw your account balance for the quarter ending June 30, 2000, you will need to return these forms no later than June 23, 2000." Plaintiffs assert that they relied on the alleged information to their detriment in that they did not submit their forms before the ESOP was amended on April 25, 2000, and as a result their requests for lump sum payments have been denied.

## DISCUSSION

In deciding a Fed.R.Civ.P. 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in a plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief can be granted under any set of facts that can be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a complaint does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985) *cert. denied*, 475 U.S. 1047 (1986).

Equitable *estoppel* is part of the federal common law used to plug gaps in ERISA. Miller v. Taylor Insulation Company, 39 F.3d 755, 758 (7th Cir. 1994). To state such a claim, plaintiffs must allege that they reasonably relied on defendants' incorrect representations of fact to their detriment. Frahm v. Equitable Life Assurance Society, 137 F.3d 955, 961 (7th Cir. 1998). Representations about ERISA plans can provide a basis for an *estoppel* claim if, at the time the statements were made the speaker actually had a different intention. *Id.*

Defendants assert that plaintiffs have failed to allege any incorrect representations, arguing that the facts in the complaint establish that the alleged representations were accurate when made and only became inaccurate as a result of the April amendments. According to defendants, the alleged statements were made during the time when the prior ESOP was in force and were therefore true at that time. Plaintiffs counter that the defendants knew that the ESOP was to be amended and that the recommended procedure and deadlines for payment election would not provide plaintiffs the opportunity to elect the promised option, and *estoppel*

is appropriate.

Defendants rely on Frahm to support their contention that since the alleged statements were correct as to the plan in force when they were made, they cannot be considered "incorrect representations." But the representations in Frahm were not only statements of present intention, they were also "honest (if at times incautious) projections of present plans into the future." 137 F.3d at 961. Here plaintiffs have alleged that defendants misled them, answering questions and providing information about plan benefits that they knew would not allow plaintiffs the payment option they were allegedly promised. Plaintiffs have successfully alleged that defendants provided repeated misinformation which kept them from making an election of benefits in a timely fashion. On these facts plaintiffs have established an equitable *estoppel* claim. *See* Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 586-587 (7th Cir. 2000).

Defendants next argue that even if we find that plaintiffs adequately identified an incorrect representation, the alleged speakers of the statement were not the defendants and there are no allegations that the speakers knew of the proposed changes. Plaintiffs have alleged that it is through authorized representatives and plan administrators that the defendants misinformed them. These allegations can support the conclusion that the representations were made by agents who had authority to make the statements on the defendants' behalf. Under the Rule 12(b)(6) standard, this is enough.

## CONCLUSION

For the above reasons, defendants' motion to dismiss count III of retiree plaintiffs' consolidated complaint is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 6, 2002.