

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 - (MDL 1417) | **DATE** | 7/12/2002 |
| **CASE TITLE** | Juan Armstrong et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss untimely ESOP claims is granted in part and denied in part, and their motion for summary judgment on the ERISA severance pay claim and to dismiss the state claims in counts IV and V is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 74 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | 02 JUL 15 PM 3:12 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| IN RE AMSTED INDUSTRIES, INC., ) "ERISA" LITIGATION ) ) THIS DOCUMENT RELATES TO: ) ) JUAN ARMSTRONG, et al., ) ) Plaintiffs, ) ) vs. ) ) AMSTED INDUSTRIES, INC., et al., ) ) Defendants. ) | MDL No. 1417 No. 01 C 2963 |

## MEMORANDUM OPINION AND ORDER

Non-retiree plaintiffs bring this purported class action against Amsted Industries, Inc. (Amsted), Amsted Industries, Inc. Employees' Stock Ownership Plan (ESOP), and various individual defendants, under the Employee Retirement Income Security Act of 1974 (ERISA), alleging breach of fiduciary duty, wrongful denial of claims and benefits, unlawful plan amendments, breach of contract, and conversion. Defendants now move to dismiss untimely ESOP claims, and move for summary judgment on the ERISA severance pay claim in count IV and to dismiss the remainder of counts IV and V. For the following reasons, defendants' motion to dismiss untimely ESOP claims is granted in part and denied in part, and their motion for summary judgment on the ERISA severance pay claim and to dismiss the state claims in counts IV and V is granted.

## BACKGROUND

Plaintiffs previously filed various individual and collective complaints against defendants. On August 21, 2001, the Judicial Panel on Multi-District Litigation transferred

these actions for coordinated pretrial hearings to this court. On October 4, 2001, we ordered the filing of two amended consolidated complaints, one brought by Amsted retirees and the other brought on behalf of non-retirees. This opinion addresses motions challenging the non-retiree complaint.

The facts of this case are taken from plaintiffs' complaint. Allegedly, plaintiffs have accumulated stock or securities held in the Amsted Incorporated Employees' Stock Ownership Plan (ESOP). The ESOP is a benefit plan that annually distributes shares of stock to the participants' individual ESOP retirement accounts. The parties agree that the ESOP is an employee benefit plan as defined by ERISA, 29 U.S.C. § 1002(3).

Plaintiffs claim Amsted management wrongfully reduced the ESOP benefits obtainable by plan participants; that they objected to these changes and that each filed written claims for benefits with the administrator of the ESOP. After exhausting their internal administrative remedies, plaintiffs filed individual complaints against the defendants in federal court. The ESOP provides that "[i]f a Participant or Beneficiary does elect to challenge the Plan Administrator's determination in judicial or administrative proceedings, the action must be filed within 120 days following the day the Plan Administrator makes a final determination on the claim." (ESOP Article 11.8(g)). Three of the plaintiffs, Zepeda, LeCroy, and Marchant, met the time limit specified in the ESOP, but the remaining twelve individual plaintiffs filed outside of the ESOP time limit.

Defendants also allegedly breached a contractual promise to provide severance payments upon their retirement or termination. Under the terms of the Amsted Severance Allowance Program (Severance Plan), a participating employee receives severance pay if his employment is terminated, but is not eligible for severance pay if he is laid off. Plaintiffs each

filed severance pay claims which were denied. The reason given for the denials was that plaintiffs were ineligible for severance benefits because they were laid off. Plaintiffs filed administrative appeals of these denials, which were also denied.

## DISCUSSION

### Motion to Dismiss Untimely ESOP Claims

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in a plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a complaint does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, the complaint must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendants move to dismiss twelve of the individual plaintiffs from the wrongful denial of benefits (count II) and unlawful plan amendments (count III) claims, arguing that they filed outside of the ESOP time limit. We will enforce contractual limitations periods, including those in ERISA plans, as long as they are reasonable. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869 (7th Cir. 1997). Plaintiffs do not contest that the identified plaintiffs filed their complaints outside of the prescribed time limit, but argue that the limitation is unreasonable in this case.

Here, the ESOP allows 120 days after the administrator's final denial of a claim in which to file a suit. Three of the plaintiffs – not challenged by defendants in this motion –

filed within that time limit. The remaining twelve filed within two weeks of the ESOP deadline. The claims in counts II and III are the same grievances that were filed by plaintiffs with the plan administrator. A suit following the completion of an ERISA-required appeals process is "the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit." *Id.* at 875. Plaintiffs, already represented by counsel, were reminded of this deadline in the final denial of their administrative claims. This deadline and the way it was allegedly applied to plaintiffs was reasonable.[1]

Defendants also move to dismiss the twelve individual plaintiffs from the fiduciary duty claim in count I, not because it is barred by ESOP provisions, but arguing it is intricately linked to the untimely claims. Under ERISA, a plaintiff has three years from discovery of a breach in which to file a breach of fiduciary duty claim. 29 U.S.C. § 1113. While the ERISA claims in counts I, II, and III are connected in that they arise from the same set of facts, the legal theories and claims in count I are distinctive. Allowing the fiduciary claims to go forward does not undermine the integrity of the ESOP time limit.

Motion for Summary Judgment on ERISA Claim in Count IV

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment we construe all facts in

---

[1] While the twelve plaintiffs are barred from bringing the claims in counts II and III as individuals, we are not determining at this time whether they could be members of the purported class for the class claims in these counts.

the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Skorup v. Modern Door Corp., 153 F.3d 512, 514 (7th Cir.1998); *see* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Under 29 U.S.C. 1132, an ERISA plan participant may sue for benefits due him under the terms of his plan. In count IV, plaintiffs seek severance pay allegedly due to them under an ERISA-governed contract. Defendants argue that plaintiffs' claims fail since they were considered and denied under the claims procedure of the severance plan, and there is no evidence in the administrative record that the decision was arbitrary or capricious.

The administrator of Amsted's severance plan has discretion to deny claims and, accordingly, we review his decision under a deferential standard. Perlman v. Swiss Bank Comprehensive Disability, 195 F.3d 975, 981-82 (7th Cir. 1999). His decision will be overturned only if it is arbitrary or capricious. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 114-15 (1989). If a claim was a genuine evaluation by an administrator, we examine only the materials in the administrative record, and the parties should not take additional discovery. Perlman at 981-82.

Plaintiffs ask us to invoke Federal Rule of Civil Procedure 56(f), which permits us to refuse or continue a motion for summary judgment if it appears from affidavits that the party opposing the motion must conduct discovery in order to properly respond. Plaintiffs have included an affidavit from plaintiff Larry Holder, which provides that he believes that he has not been temporarily laid off but rather permanently dismissed. They request additional discovery, specifically depositions and affidavits of employees involved in the decision to deny their claims, in order to support their position that the denial was arbitrary and capricious.

The parties agree that the reason given for the denial of claims was that the plaintiffs

were laid off rather than permanently terminated. In his denial letter, the plan administrator explained why Amsted employees were categorized as laid off and explained how that categorization made them ineligible for severance pay. There is no evidence that plaintiffs' claims were "thrown in the trash rather than evaluated on the merits." Perlman at 981-82. Accordingly, plaintiffs are not entitled to discovery outside of the administrative record, and their request for additional discovery is denied. While financially unfortunate for the plaintiffs, the decision made and reasons given do not rise to the level of arbitrary or capricious conduct required for judicial intervention. *See* Perlman, Bruch, *supra.*

Finally, plaintiffs concede that the state claims in counts IV and V are preempted by federal law and, accordingly, those claims are dismissed.

## CONCLUSION

For the above reasons, defendants' motion to dismiss the untimely-filed ESOP claims is granted in part and denied in part, and their motion for summary judgment as to count IV, ERISA severance pay claim, and to dismiss the remainder of counts IV and V, is granted. The claims of plaintiffs Armstrong, Duckett, Gillespie, Holder, Lightsey, Mason, McQueen, Sanders, Smith, D., Smith, J., Walker and Wheeler, made in counts II and III, are dismissed, but their claims in count I remain. Counts IV and V are dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 12, 2002.