

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2963 - (MDL 1417) | DATE | 12/13/2002 |
| CASE TITLE | Bradley et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiffs' motion for class certification is granted. Status hearing set for February 5, 2003 at 9:15am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 108 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 DEC 13 PM 4:52 | date mailed notice | |
| | | 01-03-0371 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMSTED INDUSTRIES, INC. )
"ERISA" LITIGATION )
)
THIS DOCUMENT RELATES TO: )
_____ )
)
JUAN ARMSTRONG, et al., )
)
                Plaintiffs, )
)
      vs. )    No. 01 C 2963
)
AMSTED INDUSTRIES, INC., et al., )
)
                Defendants. )

DOCKETED
DEC 1 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA), seeking to reinstate benefits, enjoin further denial of benefits, void improper transactions, obtain equitable remedies under ERISA, and damages. These actions were filed individually and transferred to this court by the judicial panel on multi-district litigation. The non-retiree plaintiffs filed a motion for class certification pursuant to Fed.R.Civ.P. 23. For the following reasons, we grant plaintiffs' motion.

## BACKGROUND

In 1996 Amsted became a sub-chapter S corporation by becoming entirely employee-owned. At the end of each fiscal year the Amsted Employees' Stock Ownership Plan (ESOP) distributed shares of the corporation into individual retirement accounts, which varied in



value according to the additions of new shares and fluctuations in stock prices. Amsted developed a cash surplus and began acquiring numerous smaller companies.

In 1999, plaintiffs allege that defendant acquired Varlen at an exaggerated price, paying approximately $600 million, or a 60% stock price premium for the shares, without performing an adequate independent evaluation for the benefit of the ESOP. As a result of this purchase, Amsted's stock value rose 32% over the previous year, reaching a high value of $184.41 on September 30, 1999, resulting in numerous ESOP distribution requests. Plaintiffs allege that due to defendants' mismanagement the large volume of distribution requests significantly depleted ESOP assets.

In response to this depletion, plaintiffs further allege that defendants amended the plan provisions in violation of ERISA. These amendments allegedly made it more difficult to apply for and receive distributions of the ESOP and significantly lowered the value of employees' retirement accounts. Defendants allegedly changed the requirements for retirement from needing *either* 30 years of service *or* reaching age 55 to requiring *both* 30 years of service *and* reaching age 55. Another provision allegedly enacted by defendants eliminated lump sum payments to plan participants in exchange for issuing a note promising payment of 20% of the account value – which varied over time – over a period of four years, paying a reasonable interest.

## DISCUSSION

Plaintiffs seek to certify a class to be defined as

All ESOP Plan Participants, excluding DEFENDANTS and excluding those Plan Participants who retired and whose benefits under the ESOP were calculated for the purpose of distribution at $184.41 per share.

In determining whether to certify a class, we have broad discretion. Keele v. Wexler, 149 F.3d 589, 592 (7th Cir. 1998). Plaintiffs bear the burden of demonstrating the four threshold requirements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. *Id.* at 594. Additionally, parties seeking certification must show that the action is maintainable under Rule 23(b)(1), (2) or (3). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).

Plaintiffs argue that this class meets the four initial requirements and should be certified under either Rule 23(b)(1)(A), which allows maintenance of a class action if the prosecution of separate actions would likely lead to inconsistent adjudications, or Rule 23(b)(3), which allows certification where questions of law and fact common to class members predominate over any questions affecting only individual members. Defendants dispute only the adequacy of representation of the class members, arguing that conflicts of interest exist between perspective class members that make this action untenable.[1]

Adequacy of representation consists of two prongs: the adequacy of counsel to handle a class action and the adequacy of named plaintiffs to protect the differing interests of the class members. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993). Defendants do not dispute that plaintiffs' counsel is competent to handle this matter, only that plaintiffs, together with counsel, cannot adequately represent the differing interests of the class members.

Defendants argue that the proposed class would include at least three groups with

---

[1] There is some dispute as to whether the defendants have waived their argument that counsel would be conflicted in representing the class because they did not challenge adequacy of counsel in their response brief. Defendants do not argue that plaintiffs' counsel is incompetent to handle a class action, only that they would be conflicted if this class was certified. As such, we address this argument as part of the overall discussion of potential conflicts between class member.

conflicting interests. First, former employees who hold a promissory note at a value other than $184.41 likely desire a lump sum payout of their remaining balance as soon as possible. Second, former employees who terminated employment after the 2000 amendments may desire an immediate lump sum payout or may have an interest in seeing the long-term value of Amsted stock increase before collecting their benefits. Third, current employees likely value the long term stability of Amsted. Defendants argue that an immediate lump sum payout to plaintiffs who desire it may affect the long-term financial health of Amsted, putting plaintiffs in conflict with each other. We disagree.

While plaintiffs may have differing desires as to the future financial stability of Amsted,[2] their interests in this litigation are not in conflict. In filing this suit plaintiffs seek to right alleged wrongs committed by the plan administrators in order to receive the full value of their retirement accounts. If successful, this litigation will necessarily preclude Amsted from relitigating the matter (*see* Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979)), and, if unsuccessful, will at a minimum adversely impact ESOP participants, whether former or current employees, from relitigating these issues. A current employee whose primary desire is the long-term financial health of Amsted, will be equally affected by this litigation whether it is brought by a class of all ESOP participants or by one single former employee. Because the rights of current employees will necessarily be adjudicated in this action, we find that the class action is the proper device to assure that all parties are fairly represented.

Defendants argue that because a potential conflict exists between eligible class

---

[2] We note that even former employee plaintiffs have no apparent desire to put Amsted out of business only to receive payments into their pension funds. Moreover, defendants have neither argued nor presented evidence that an adverse result in this litigation would be so catastrophic as to harm the future stability of Amsted. As plaintiffs point out, defendants have investigated into possible financial arrangements for restoring funds to the retirement accounts, and there is no suggestion that these are impossible.

members, plaintiffs' counsel will not be able to adequately protect the interests of all members. Any conflicts that may exist between potential class members are not at issue in this litigation. Every employee, whether former or current, has the desire to repair the alleged harm to their pension plan. This is the relief that plaintiffs (and their counsel) seek in this action. Plaintiffs' counsel will have no conflict in vigorously prosecuting this case.

We find that no conflict of interest exists in that potential members seek the same relief and will have their rights adjudicated in this litigation. We likewise find that plaintiffs have met their burden of proving all necessary elements and demonstrating that class certification is proper pursuant to Rule 23.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for class certification is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 13, 2002.