

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 - (1417) | **DATE** | 12/17/2002 |
| **CASE TITLE** | Bradley et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, plaintiffs' motions to retrieve e-mail is granted and their motion to compel discovery is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 109 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMSTED INDUSTRIES, INC. )
"ERISA" LITIGATION )
)
THIS DOCUMENT RELATES TO: )
_____)
)
JUAN ARMSTRONG, et al., )
)
          Plaintiffs, )
)
    vs. ) No. 01 C 2963
)
AMSTED INDUSTRIES, INC., et al., )
)
          Defendants. )

DOCKETED
DEC 1 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action against Amsted Industries, Inc., Amsted Industries, Inc. Employees' Stock Ownership Plan and various individual defendants, alleging breach of fiduciary duty, wrongful denial of claims and benefits, and unlawful plan amendments. Plaintiffs now bring motions to retrieve e-mail and to compel discovery and strike deposition testimony. For the following reasons, plaintiffs' motion to retrieve e-mail is granted and their motion to compel is granted in part and denied in part.

## BACKGROUND

On October 4, 2001, we ordered the filing of two consolidated complaints in this case, one brought by Amsted retirees and the other brought on behalf of non-retirees. This opinion addresses motions brought by non-retiree plaintiffs (plaintiffs).

Plaintiffs have allegedly accumulated stock or securities held in the Amsted

Incorporated Employees' Stock Ownership Plan (ESOP). ESOP is a benefit plan that makes employees owners of the company and annually distributes shares of stock to the participants' individual retirement accounts. Plaintiffs allege that defendants unlawfully amended the ESOP on April 25, 2000. They also claim that choices made by defendants prior to the amendment, including a hostile takeover of competitor Varlen Corporation (Varlen) in May 1999, using ESOP assets, constitute breaches of defendants' fiduciary duties.

Plaintiffs' current motions stem from their discovery requests for document production, including requests for e-mail and other computerized data. In response to the request, defendants limited production to documents generated after January 1, 1999, and to what they defined as relevant subject matter. The production did not include any e-mail documents.

## DISCUSSION

As a preliminary matter we deny plaintiffs' motion to strike the affidavit of Thomas Petermann, one of defendant's attorneys. The type of representations made by Petermann are routinely relied upon by courts and opposing counsel in discovery matters. These representations can be tested through reasonable discovery and are appropriate in response to the motions before the court.

The parties dispute whether plaintiffs' requests for documents conform to the parameters of Federal Rule of Civil Procedure 26, which provides that a party may request production of any non-privileged documents regarding any matter that is relevant to the claim or defense of any party (26(b)(1). In responding to plaintiffs' production request defendants appear to have limited the documents produced to those immediately relating to the acquisition of Varlen and the contested ESOP plan amendments. They also stated that in light

of the relevant subject matter it was not necessary to produce any documents from 1997 or 1998 (although they have produced some documents going back even earlier in response to certain requests).

Plaintiffs' motion to compel seeks production in accordance with their original requests. They specifically identify documents generated on or after January 1, 1997, relating to outside consulting and evaluations, internal communications regarding ESOP, Amsted Board and ESOP committee meeting notes, annual reports, and the ESOP trust.[1] Plaintiffs purport that it is necessary to look at the financial health of ESOP, leading up to the 1999 acquisition of Varlen and the 2000 amendment, to show that defendants were not acting in the best interest of plan participants in the two later business decisions.

Defendants assert that producing the requested documents, without limitations, will lead to the production of irrelevant material that had no bearing on the decisions to acquire Varlen or amend the ESOP plan. While we are sympathetic to the production burden for defendants, we are also mindful that the test for relevant material under Rule 26 is extremely broad. Behnia v. Shapiro, 176 F.R.D. 277 (N.D.Ill. 1997). Plaintiffs' discovery requests relating to the general health of the ESOP, leading up to 1999, could potentially lead to material showing that it is more likely than not that defendants breached their fiduciary duties in the later acquisition and plan amendment. To the extent that defendants limited their discovery as a result of their general objections, they should now supplement their responses to include the more general financial inquiries made in the paragraphs identified above, and to include materials from January 1, 1998 to January 1, 1999. An extra year's worth of

---

[1] Laid out in paragraphs 1-13, 29, 34-38, and 42-44 of plaintiffs' first requests for production.

discovery is sufficient to show financial health leading up to the acquisition of Varlen and plan amendment. To the extent that plaintiffs request materials from before January 1, 1998, their motion is denied.

Plaintiffs are also seeking production of electronic data. On July 30, 2002, defendants agreed to keep intact all backup e-mail files, and to investigate whether there were any e-mails or electronic documents relevant to the claims in this case. As a general proposition the parties agree that a good faith search of defendants' electronic material is required. In re Brand Name Prescrip. Drugs Antitrust Litigation, 1995 WL 360526 (N.D.Ill. 1995). Defendants' investigation apparently involved word searches on twenty-five backup tapes of e-mail and the questioning of individuals regarding e-mails on their computers. Plaintiffs argue that this investigation is inadequate and that defendants are required to actually search the hard drive of each individual defendant and each person having access to relevant information to determine whether there is discoverable material.

At this point, the difference between what plaintiffs are requesting and what defendants have agreed to do is not great. To the extent that defendants' e-mail investigation was limited by their relevancy objections, they should now research their tapes under the broader subject matter and time period. They should also search the in-box, saved, and sent folders of any relevant individual's e-mail in the same manner. We recognize that Amsted's retention policy and its lack of a comprehensive e-mail system before 1999 make it unlikely that the additional searches are going to turn up relevant discovery. On the other hand, neither of these searches, as was circumscribed, is so burdensome or expensive as to require a limiting of the requests.

## CONCLUSION

For the above reasons, plaintiffs' motions to retrieve e-mail is granted and their motion to compel discovery is granted in part and denied in part.

_JAMES B. MORAN_
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 17, 2002.