

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 - (MDL 1417) | **DATE** | 3/17/2003 |
| **CASE TITLE** | Juan Armstrong et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant LaSalle's motion to dismiss is granted as to counts II, IV and V and denied as to counts I and III insofar as plaintiffs seek recovery on behalf of the ESOP.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 122 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 MAR 17 PM 3:24 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMSTED INDUSTRIES, INC. )
"ERISA" LITIGATION )
)
THIS DOCUMENT RELATES TO: )
_____)
)
JUAN ARMSTRONG, et al., )
)
            Plaintiffs, )
) No. 01 C 2963
      vs. )
)
AMSTED INDUSTRIES, INC., et al., )
)
           Defendants. )

DOCKETED
MAR 1 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff class filed suit against numerous defendants alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, (ERISA), seeking various remedies available under the Act. Defendant LaSalle Bank National Association (LaSalle) filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs failed to state a claim upon which relief could be granted. For the following reasons, LaSalle's motion to dismiss is granted in part and denied in part.

## BACKGROUND

This case arises from various changes in Amsted's Employee Stock Ownership Plan (ESOP) beginning in 1999. Plaintiff class alleges that defendants' mismanagement of the ESOP resulted in the depletion of plan assets and the loss in value of the plaintiffs' retirement

accounts. These actions were filed separately and transferred to this court by the judicial panel on multi-district litigation, where we granted certification of the plaintiff class.

Defendant LaSalle operated as the trustee of the ESOP as defined by ERISA. *See* 29 U.S.C. § 1103. LaSalle's role in managing the trust was limited to the responsibilities detailed in its agreement with Amsted, the settlor of the plan. This agreement severely limited the discretion of LaSalle in handling the assets of the claim and making decisions with respect to the trust.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Plaintiff class' consolidated complaint consists of five counts: breach of fiduciary duty, wrongful denial of claims and benefits, unlawful plan amendments, breach of contract and conversion. In their response memorandum plaintiffs concede that the wrongful denial claim must be dismissed. Likewise, plaintiffs present no argument in their memorandum as to the breach of contract or conversion claims. They fail to plead either that LaSalle had a contract with the plaintiffs or that LaSalle was somehow enriched through possession of plaintiffs'

assets. Counts IV and V are also dismissed.

## Count I – Breach of Fiduciary Duty

Plaintiffs allege that LaSalle, as the plan's trustee, breached the fiduciary duty owed to the plan beneficiaries pursuant to section 409 of ERISA, 29 U.S.C. § 1109. LaSalle contends that any fiduciary duty was owed to the plan, rather than the individual beneficiaries, and therefore plaintiffs' claim against LaSalle must fail.

While it is true that, as trustee, LaSalle owed a fiduciary duty to the ESOP, rather than the plan participants individually, this does not preclude plaintiffs from bringing this suit against defendants. ERISA section 409(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). ERISA section 502(a)(2) allows a participant or beneficiary of a plan to bring a civil action seeking appropriate relief under section 409. 29 U.S.C. § 1132.

Defendant LaSalle is correct in arguing that the plaintiff class, as beneficiaries of the plan, cannot directly collect money damages from LaSalle. Section 502(a)(2) gives the plaintiffs the right to bring an action to prevent or remedy any breach of fiduciary duty owed to the plan. In doing so, plaintiffs may seek money damages only to the extent that they are paid to the plan to restore any money lost due to the alleged breach. *See* Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 139-144 (1985). Plaintiffs' claim contains allegations that LaSalle actively breached a fiduciary duty owed to the plan. Plaintiffs alternatively allege that

LaSalle allowed Amsted to violate its fiduciary duty to the beneficiaries, constituting violation of ERISA section 405. 29 U.S.C. § 1105(a). While LaSalle may be able to defeat these allegations, plaintiff successfully states a claim that LaSalle breached the fiduciary duty owed to the plan and may seek damages on behalf of the plan.

LaSalle cites In re McKesson HBOC, Inc. ERISA Litig., 2002 WL 31431588 (N.D. Cal. 2002), to stand for the proposition that a case seeking benefits for the plan may not be brought as a class action. In McKesson, the court avoided ruling on this issue, but stated that there was doubt as to whether the class could be certified because the class may lack typicality. We find no reason in this case to prevent the class from bringing this action on behalf of the plan. Defendants do not argue that plaintiffs' desired relief would be incompatible or that there is somehow a conflict of interest in filing suit on behalf of the plan as well as individually.[1] Moreover, the Seventh Circuit has determined that in similar cases plaintiffs seeking recovery on behalf of a plan must sue as either representatives of the plan in a derivative action or as representatives of the beneficiaries in a class action suit. *See* Thornton v. Evans, 692 F.2d 1064, 1080 (7th Cir. 1983) (holding that an action against non-fiduciaries for a conspiracy with fiduciaries to violate trust obligations must be brought as a derivative suit or class action because it will avoid multiple litigation while providing the beneficiaries with a forum to adjudicate claims against the fund as a whole). We find no reason that this plaintiff class cannot adequately pursue relief on behalf of the ESOP.

LaSalle also argues that plaintiff cannot alternatively plead so as to state claims for

---

[1] LaSalle argues that plaintiffs fail to state a claim because they fail to allege damage to the plan. The list of relief that they seek does not include recovery by the plan, but only by individuals. It seems clear from the complaint, however, that plaintiffs explicitly include recovery by the plan of any lost assets as part of their desired recovery (First Amended Consolidated Complaint, pp. 56-57, B, M).

both damages arising from a breach of fiduciary duty and for denial of benefits. As stated above, plaintiff concedes that any claim for denial of benefits against LaSalle must be dismissed. LaSalle argues that count I should be dismissed anyway, so as to discourage artful pleading. The cases defendant relies on, however, stand only for the proposition that a plaintiff may not use a claim for breach of fiduciary duty to get around the ERISA statute if it is not otherwise eligible to file a claim for denial of benefits. *See* Coyne & Delaney Co. v. Blue Cross & Blue Shield of Virginia, Inc., 102 F.3d 712 (4th Cir. 1996) (holding that *fiduciaries* may not sue for benefits simply by using section 502(a)(2)). Here, because plaintiffs are beneficiaries of the plan, they are granted the power by ERISA section 502(a)(1)(B) to file a claim to recover wrongfully denied benefits. 29 U.S.C. § 1132(a)(1)(B). The breach of fiduciary duty claim under section 502(a)(2) is simply an additional claim, not the way around a jurisdictional bar.

## Count III – Unlawful Plan Amendments

Defendants argue that plaintiffs' claim for unlawful amendments must be dismissed because only Amsted, as the plan's settlor, had the actual power to amend the plan. *See* Hughes Aircraft Co. v. Jacobson, 525 U.S. 432 (1999) (holding that plan amendments are a settlor, rather than a trustee, function). We read count III as to LaSalle as basically a second claim for breach of fiduciary duty. Plaintiffs allege that LaSalle knew of the plan amendments – in one case LaSalle's consent was required – and allowed Amsted to make the amendments regardless of any harmful effect to the plan. If LaSalle knew of a beach of fiduciary duty on the part of Amsted and did nothing to prevent or remedy the breach, this may give rise to a violation of ERISA section 405. 29 U.S.C. § 1105(a). Again, plaintiffs may well be unable to

prove that LaSalle had knowledge of the plan amendments or any potentially harmful effect to the plan, but these are not issues for a motion to dismiss. Insofar as count III alleges a breach of fiduciary duty, plaintiffs successfully state a claim. As with count I, the potential remedy for any such breach is the payment of funds into the plan, rather than the collection of money damages by the plaintiff.

## CONCLUSION

For the foregoing reasons, defendant LaSalle's motion to dismiss is granted as to counts II, IV and V and denied as to counts I and III insofar as plaintiffs seek recovery on behalf of the ESOP.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 17, 2002.