

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2963 - (MDL 1417) | DATE | 7/1/2003 |
| CASE TITLE | Juan Armstrong et al. Vs. Amsted Industries, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff class's motion to compel valuation report, motion to enforce the court's order dated 12/27/02 compelling the production of E-Mail documents, and motion to amend the scheduling order is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | JUL 0 3 2003 | 137 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUL -2 PM 4:22 Date/time received in central Clerk's Office | date mailed notice JUL | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE AMSTED INDUSTRIES, INC. )
"ERISA" LITIGATION )
)
THIS DOCUMENT RELATES TO: )
_____ )
JUAN ARMSTRONG, et al., )
)
         Plaintiffs, )
)
vs. )   No. 01 C 2963
)
AMSTED INDUSTRIES, INC., et al., )
)
         Defendants. )

**DOCKETED**
JUL 0 3 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs seek valuation reports from December 2000 to the present. Defendants resist, contending that any changes in methodology would be remedial and thus not admissible, pursuant to Rule 407 of the Federal Rules of Evidence. They may be right about admissibility, but that contention is premature. Rule 407 bars admission, not discovery. We think, however, that "to the present" is more than enough. The reports went from an annual to a quarterly mode in December 2000. This suit was filed not too long thereafter. We conclude that it is reasonable to ask for the reports through 2001, but not thereafter.

Plaintiffs also seek production of "any relevant individual's e-mail ...," claiming that defendants have violated the court's December 17, 2002, order. Defendants disagree, representing that they have followed up with 18 persons, all of the relevant individuals. It is obvious that the parties have different views of the universe of relevant individuals. It is also obvious that plaintiffs' view is too expansive. It appears, for example, that Patrick Phelan got

137

a different laptop when he transferred to Griffen Pipe in March 2002, long after the ESOP amendments, and that he had no real responsibilities regarding ESOP while at Griffen Pipe. We do not consider "relevant individuals" to be everyone who may have by e-mail shared a thought about the ESOP. That would probably include virtually everyone in the company who had access to a computer. By "relevant individuals" we mean persons who had some meaningful responsibility to consider possible changes to the ESOP, and for its administration. It does not mean everyone who may have commented on the ESOP in passing, or who responded to a subordinate's question not because it was his job function to answer inquiries about the ESOP but because he tried to respond to any inquiry from a subordinate about any company-related matter about which there was a question. Whether that restricts the universe to 18 persons we, for now, leave to the parties.

We have no objection to the extension requested. Indeed, it has passed. If these views necessitate a limited amount of additional discovery within the next two weeks, we have no objection to that as well.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

July 1, 2003.