Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 (MDL 1417) | **DATE** | 7/29/2004 |
| **CASE TITLE** | JEFFREY BRADLEY, et al vs. AMSTED INDUSTRIES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The motion for clarification or modification of our class certification order in Armstrong is denied. As members of the Armstrong class, plaintiffs are subject to the grant of summary judgment for defendants in that case. All pending motions and dates are now moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 3 0 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 217 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| LG | courtroom deputy's initials | 2004 JUL 30 AM 10: 54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY BRADLEY, et al., )
)
Plaintiffs, )
)
vs. ) No. 01 C 2963
) MDL 1417
AMSTED INDUSTRIES, INC., et al., )
)
Defendants. )

DOCKETED
JUL 3 0 2004

MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is issued in conjunction with our opinion on the summary judgment motions filed in <u>Armstrong v. Amsted</u>, No. 01 C 2963, a corollary case assigned to this court by the judicial panel on multi-district litigation. For a full discussion of the background to this action, see our Memorandum Opinion and Order in that case dated July 29, 2004. In this action, nine retirees formerly employed by Amsted Industries, Inc. (Amsted), sued Amsted, the Amsted Employees' Stock Ownership Plan (ESOP), members of the ESOP committee, Plan administrators and various Amsted directors, for their actions during the company's financial crisis in the year 2000. Seven of the nine plaintiffs entered into a settlement agreement with the defendants. Defendants maintain that the two remaining plaintiffs, Rennie Blakenship and Judy Sparks, fall within the definition of the plaintiff class in <u>Armstrong</u>, and thus should be incorporated into that case. Blakenship and Sparks have filed a motion for clarification or modification of the class certification, seeking to exclude themselves from the <u>Armstrong</u> class and to pursue their claims through an independent action. Defendants object to the motion for clarification, but have also filed a motion for summary judgment in the event plaintiffs are allowed to maintain their claims.

217

In In re Amsted Industries, Inc., "ERISA" Litigation, 2002 WL 31818964 (N.D.Ill. 2002) (hereinafter Armstrong), we certified a plaintiff class consisting of "All ESOP Plan Participants, excluding DEFENDANTS and excluding those Plan Participants who retired and whose benefits under the ESOP were calculated for the purpose of distribution at $184.41 per share."[1] Blakenship and Sparks were plan participants in the Amsted ESOP. They do not fall under the class exclusions because they are not defendants and, though they retired in October 2000 and October 2001, respectively, neither retiree's ESOP benefits were calculated at the $184.41 share price. Despite the fact Blakenship and Sparks fall within Armstrong's class definition, plaintiffs argue they should be allowed to pursue their own claims because they have been treated as retiree plaintiffs since the commencement of the action, their situation differs from the Armstrong plaintiffs, and the Armstrong class is not a mandatory class. Plaintiffs' arguments do not justify excluding them from the Armstrong class, and allowing them to pursue separate claims.

Contrary to their claims, Blakenship and Sparks did have notice that defendants believed that some of the Bradley plaintiffs fell into the class definition proposed by the Armstrong plaintiffs. In defendants' memorandum in opposition to the Armstrong plaintiffs' motion for class certification, dated August 21, 2002, they stated that the proposed class "includes individuals whom Defendants understood Plaintiffs specifically intended to exclude; namely, Plaintiffs already represented by counsel in the consolidated Bradley et al. v. AMSTED, et al., case" (Defs' Opp. 9, n.5). Defendants explained that these Bradley plaintiffs

---

[1] While we did not there specifically designate the class as a Rule 23(b)(1)(A) class, as distinguished from a Rule 23(b)(3) class, it implicitly recognized that the class was under Rule (b)(1)(A) since the suit sought a remedy for the Plan and the prosecution of separate actions would create a risk of inconsistent adjudications. See Armstrong, 2002 WL 31818964 at *2.

received distributions at a share price other than $184.41 per share. This memorandum was submitted to Blakenship and Sparks' counsel.

Plaintiffs have not shown their situations to be so different from the <u>Armstrong</u> class as to justify their separate action. Plaintiffs maintain that both the circumstances of their case and the nature of their claims differ from the <u>Armstrong</u> plaintiffs. Blakenship and Sparks assert that while the <u>Armstrong</u> plaintiffs were not vested and eligible to receive ESOP benefits before the plan was amended in 2000, they both were. However, <u>Armstrong</u> plaintiffs were vested and eligible to receive benefits before the amendments (*See* <u>Armstrong</u> Complaint). Blakenship and Sparks also argue that they differ from the Armstrong plaintiffs because Amsted was notified of their retirement prior to the ESOP amendments. Both Blakenship and Sparks notified Amsted of their retirements about a year before their intended retirement date. These notifications ensured that they would receive a lump sum payment from the Prudential Annuity. This notification is not a relevant distinction for Blakenship and Sparks' claims because it did not serve to inform the ESOP of their retirement. To receive their ESOP retirement benefits plaintiffs were required to submit an ESOP distribution request form, which was typically distributed to employees two to three months before retirement. Neither plaintiff submitted this form before the ESOP amendments were enacted. Had plaintiffs begun the process of redeeming their ESOP shares only to have defendants apply the amendments to their pending distribution requests, then they might well have had a distinct claim. Blakenship and Sparks argue that defendants prevented them from submitting ESOP distribution requests

by not having any forms available.[2] Even if distribution request forms were not available during all of the relevant time period (and the evidence establishes that the period or periods of unavailability were brief), plaintiffs have produced no evidence that requests for the forms went unmet, thus thwarting their attempt to submit the forms before the ESOP amendments.

Blakenship and Sparks maintain that their action differs from the <u>Armstrong</u> plaintiffs' action in its theories of liability as well. They argue that unlike the other plaintiffs they are entitled to relief because the defendants eliminated the lump sum cash distribution in violation of § 11.5(d) of the then current ESOP plan document. This attempt to distinguish their case fails because defendants did not violate the plan by amending the manner of distribution. Section 11.5 of the plan prohibits amendments that deprive participants of their interest in their accounts or eliminate or reduce early retirement, retirement-type, or optional benefits, "except as permitted by applicable law" (Amsted ESOP Plan Document, effective 10/1/1995, § 11.5(b), (d)). Defendants' amendments were permitted by law. Section 204 of ERISA limits the manner in which plan administrators can decrease plan participants' accrued benefits by amendment, but it also states that a non-discriminatory ESOP amendment of distribution options does not violate the section. 29 U.S.C. § 1054. As defendants' amendments were permitted by law, they were also permitted by the terms of the plan, specifically § 11.5. As this claim cannot be pursued, it does not distinguish Blakenship and Sparks' action from that of the <u>Armstrong</u> plaintiffs.

Finally, plaintiffs argue that the <u>Armstrong</u> class is not a mandatory class impeding their

---

[2]This argument actually appears in plaintiffs' response to defendants motion for summary judgment. However, it is relevant to plaintiffs' motion for clarification. If they would have submitted their redemption forms before the ESOP amendments, had the forms been available, then the only reason that Blakenship and Sparks' situation would not be distinct from the <u>Armstrong</u> plaintiffs would be due to the actions of defendants.

opting out. They argue that a mandatory class is appropriate in cases where the source of recovery is limited and claims by those outside the class would harm class members by seeking recovery from the same finite source. *See* Ortiz v. Fiberboard Corp., 527 U.S. 815 (1999). As both defendants and the Armstrong plaintiffs point out, class certification in Ortiz was granted under a limited fund theory pursuant to Federal Rule of Civil Procedure 23(b)(1)(B), while class certification in Armstrong was not. Ortiz does not stand for the proposition that limited funds are the only appropriate reasons for denying plaintiffs' requests to opt out of a class. Rejecting an opt-out provision for a certified class is also appropriate to avoid creating inconsistent determinations or placing inconsistent obligations on defendants. *See* Montgomery v. Aetna Plywood, Inc., 1996 WL 189347 at *5 (N.D.Ill. 1996). Given that Blakenship and Sparks fall within the definition of the Armstrong class, that there is no significant distinction between their claims and those in Armstrong, and that allowing them to pursue a separate action creates a risk of inconsistency, we deny plaintiffs' motion for clarification and find that they must pursue their claims as Armstrong class members. As members of the Armstrong class, Blakenship and Sparks, are subject to our memorandum opinion and order, issued in conjunction with this opinion, granting summary judgment to defendants on all claims.

Even if Blakenship and Sparks do not properly fall within the Armstrong class, defendants would be entitled to summary judgment on their claims. In ruling on a motion for summary judgment the court must determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence on file shows that no such issue exists, and that the moving party is entitled to judgment as a matter of law, we will grant the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). When reviewing a motion for summary judgment,

we draw all inferences in the light most favorable to the non-movant. <u>DeValk Lincoln Mercury, Inc. v. Ford Motor Co.</u>, 811 F.2d 326, 329 (7th Cir. 1987).

Plaintiffs provide several theories of defendants' liability for breach of fiduciary duty, some of which we have already addressed – all of which fail. Plaintiffs do not create an issue of fact regarding defendants' alleged efforts to impede plaintiffs from turning in their ESOP redemption forms before the plan amendments were instituted. Though the evidence indicates that there was some brief period or periods of time during which ESOP redemption forms were not available to retiring employees, plaintiffs have not produced any evidence that they requested these forms when they were unavailable. In fact, Blakenship admits that even after he was encouraged to file his forms because of the possibility of a second round of amendments, he chose not to (Blakenship Dep. 29-32, 45-48, 53-56). Likewise, plaintiffs' claim of *estoppel* due to defendants' misleading statements that plaintiffs could not apply for their ESOP benefits under the old forms also fails. To bring an *estoppel* claim for misrepresentation related to an ERISA plan, plaintiffs must evidence a written misrepresentation on which they relied. <u>Gallegos v. *Mount* Sinai Medical Center</u>, 210 F.3d 803, 809 (7th Cir. 2000). Plaintiffs have not evidenced either a written or oral misrepresentation by defendants regarding the ESOP redemption forms.

Plaintiffs also argue that defendants breached their fiduciary duty by applying the amendments to plaintiffs after they had notified Amsted of their intent to retire. Plaintiffs rely on <u>Auwarter v. Donohue Paper Sales Corp.</u>, 802 F. Supp. 830 (E.D.N.Y. 1992), in which the court found a breach of fiduciary duty where a plan amendment, eliminating a lump sum payment option, was applied to plaintiffs who had notified defendants of their retirement. *Id.* In <u>Auwarter</u>, the plaintiffs had given written notice of their election of the plan's lump sum

benefit on March 13, 1990, two months before the benefit was eliminated in May 1990. *Id.* at 835. By contrast, Blakenship and Sparks had not given any notice regarding their intent to redeem their ESOP shares before the amendments were passed. The only notice plaintiffs had given was to trigger their eligibility for the Prudential annuity.

As discussed above, plaintiffs' assertion that § 11.5 of the ESOP plan document prohibited the passage of the 2000 amendments is without merit. Therefore, their claims that defendants violated § 204 of ERISA, despite the exception for ESOP's, and breached the terms of the plan in violation of contract law, fail. Finally, defendants would be entitled to summary judgment on plaintiffs' claim that defendants "prevented Plaintiffs from retiring while giving serious consideration to the Plan Amendements...." As already discussed, plaintiffs have not evidenced that defendants interfered with their ability to submit their ESOP redemption forms. Nor have plaintiffs evidenced that defendants misled them regarding the amendments while they were under serious consideration. Several circuit courts have found that a fiduciary must truthfully answer questions about benefits that are under serious consideration. Bins v. Exxon Co., U.S.A., 220 F.3d 1042, 1053 (9th Cir. 2000); McAuley v. International Business Machines Corp., Inc., 165 F.3d 1038, 1043 (6th Cir. 1999); Maez v. Mountain States Telephone and Telegraph, Inc., 54 F.3d 1488, 1500 (10th Cir. 1995). Though fiduciaries do not have a duty to volunteer information regarding seriously considered plan changes, if they choose to speak of the changes before their approval, they must speak honestly. Though plaintiffs claim that misleading statements were made regarding the seriously-considered amendments to the Amsted ESOP, they cite to no examples and provide no evidence of such statements. As it is unnecessary for a determination in this action, we reserve opinion on whether the serious consideration test should be applied at all under circumstances such as these, where the

amendments under serious consideration were intended to save the ESOP from the ruin that could have resulted from a further increase in plan redemptions.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for clarification or modification of our class certification order in <u>Armstrong</u> is denied. As members of the <u>Armstrong</u> class, plaintiffs are subject to the grant of summary judgment for defendants in that case.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ James B. Moran
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

July 29, 2004.