# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2963 | **DATE** | 11/2/2004 |
| **CASE TITLE** | JUAN ARMSTRONG, et al vs. AMSTED INDUSTRIES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. We conclude that the class representatives are jointly and severally liable to the Amsted defendants for costs in the amount of $36,170.17, and to LaSalle Bank for costs in the amount of $19,390.31, and that Blakenship and Sparks are jointly and severally liable to the Amsted defendants in the amount of $954.86 - their share of the Bradley costs. The judgment is, however, stayed pending appeal.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN ARMSTRONG, et al., )
)
Plaintiffs, )
)
vs. ) No. 01 C 2963
) MDL 1417
AMSTED INDUSTRIES, INC., et al., )
)
Defendants. )

DOCKETED
NOV -3 2004

## MEMORANDUM OPINION AND ORDER

The Amsted Industries, Inc. defendants (Amsted defendants) seeks to recover $40,467.06 in costs and defendant LaSalle Bank, N.A. seeks to recover $19,390.31 in costs. They seek that recovery from the fifteen class representatives in the non-retiree complaint and the plaintiffs in the retiree case. The class representatives and the retiree plaintiffs oppose the awarding of costs, but for different reasons.

The class representatives argue that costs in this ERISA action are governed by the ERISA statute, 29 U.S.C. §1132(g)(1): "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs to either party." They contend that costs should not be awarded because their position was substantially justified and taken in good faith, Stark v. PPM America, Inc., 354 F.3d 666, 673 (7th Cir. 2004). But Stark, as well as other cases cited by class plaintiffs, do not involve costs, they involve fees. Defendants do not seek fees, and we would not award them if they had. Are, then, costs excepted from the normal operation of Federal Rule of Civil Procedure 54, when fees are not sought, because they are within the "express provision" of a federal statute, namely 29 U.S.C. §1132(g)(1)? We think not.

The cases cited by the parties provide little support for the notion that ERISA trumps Rule 54 in those circumstances. In <u>White v. Sundstrand Corp.</u>, 256 F.3d 580 (7th Cir. 2001), costs were awarded in an ERISA action under Rule 54, without any reference to §1132. In <u>Quinn v. Blue Cross and Blue Shield Association</u>, 161 F.3d 472 (7th Cir. 1998), the court affirmed the award of costs without discussion, with the analysis focusing on the appropriateness of fees under §1132. Costs were governed by Rule 54 and fees by §1132 in <u>Spellman v. Aetna Plywood, Inc.</u>, 1991 WL 86066 (N.D.Ill.). Costs were not contested on that ground in <u>Herman v. Central States, Southeast and Southwest Areas Pension Fund</u>, 2003 WL 22955996 (N.D.Ill.). Only in <u>Teumer v. General Motors Corp.</u>, 1994 WL 48581 (N.D.Ill.), did a court review costs under a §1132 standard, and then virtually without discussion.

We do not find that surprising. Rule 54 costs are the norm, and we are not referred to any legislative history that suggests that Congress intended to single out costs for special treatment under ERISA. Further, §1132 looks both ways, and it seems unlikely that Congress intended to deny costs to a prevailing plaintiff solely because the defendants' position was substantially justified and in good faith. Finally, we note that costs are generally a very small tail on a far larger fees dog.

But the awarding of costs in a class action can have a chilling effect, as was noted in <u>White v. Sundstrand Corp.</u>, *supra*, at 586, and the suggestion there – that plaintiffs' contract with their attorneys for the attorneys to pay the costs if they lose – is not much solace to plaintiffs who were never informed of that option. That chilling effect is, however, equally present in a civil rights action, and §1132 is equally applicable to a single plaintiff case. We do not understand §1132 to be intended to address the effect noted in <u>White</u>. We cannot deny costs on that ground. Neither can we deny costs on the ground that any class representative cannot

pay his or her *pro rata* share, as none claims an inability to pay a share, even if paying the whole amount is not feasible.

That we cannot deny costs, however, does not compel the defendants to pursue them. We ultimately ruled against the non-retiree plaintiffs, but we recognize that they, through no fault of their own, have endured a precipitous decline in the value of their ESOP shares. They are, or until recently were, employees of the company. But whether or not costs are further pursued is not a decision for the court.

This case, as we have noted, involved the class action of non-retirees, the Armstrong class, and claims of nine retirees, the Bradley plaintiffs, against Amsted defendants. Seven of the Bradley plaintiffs settled and, although they failed to file a stipulation of dismissal, their claims ended in early 2004, and Amsted defendants do not seek to recover costs from them. The other two Bradley plaintiffs were Blankenship and Sparks. It was ultimately determined that they were members of the Armstrong class. That has two consequences. One is that some of the costs incurred by the Amsted defendants are attributable to the claims of the Bradley plaintiffs' claims. The Armstrong class plaintiffs represent those to be $4,296.89, and the Amsted defendants have not disputed that amount. The great majority of the costs are attributable to the Armstrong class claims. Blankenship and Sparks were not class representatives in pursuing those claims. They were, it was ultimately determined, merely members of a large mandatory class. They are not responsible for costs attributable to the class claims, their claims were never against the LaSalle Bank, and most of the costs from the claims by the retiree plaintiffs have been waived.

We conclude that the class representatives are jointly and severally liable to the Amsted defendants for costs in the amount of $36,170.17, and to LaSalle Bank for costs in the amount

of $19,390.31, and that Blankenship and Sparks are jointly and severally liable to the Amsted defendants in the amount of $954.86 – their share of the <u>Bradley</u> costs. The judgment is, however, stayed pending appeal.

/s/ James B. Moran<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Nov. 2, 2004.