IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMSTED INDUSTRIES, INC.<br>ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>JUAN ARMSTRONG, JAMES E. DUCKETT,<br>RODERICK GILLESPIE, LARRY HOLDER,<br>JACK D. LECROY, DARWYN LIGHTSEY,<br>MICHAEL G. MARCHANT, JOE LEE<br>MASON, JR., CHARLES McQUEEN, NOEL<br>G. SANDERS, III, DWIGHT SMITH, JOHN E.<br>SMITH, GERARD WALKER, DANIEL L.<br>WHEELER, and MIGUEL ZEPEDA, JR.,<br>individually, in their capacity as plan<br>participants and beneficiaries on behalf of<br>AMSTED Industries, Inc. Employee Stock<br>Ownership Plan as a whole, and on behalf of all<br>others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>AMSTED INDUSTRIES, INC., AMSTED<br>INDUSTRIES, INC. EMPLOYEES' STOCK<br>OWNERSHIP PLAN (ESOP), and<br>ARTHUR W. GOETSCHEL, RAYMOND A.<br>JEAN, DAVID B. WHITEHURST, LEWIS<br>COLLENS, JOHN M. DIXON, JOHN E.<br>JONES, W. ROBERT REUM, RICHARD E.<br>TERRY, GORDON R. LOHMAN, THOMAS<br>C. BERG, JOSEPH W. NEWMAN, PAUL F.<br>FISCHER, O.J. SOPRANOS, BYRON D.<br>SPEICE, ROBERT A. CHIAPPETTA, and<br>MATTHEW J. HOWER, individually and in<br>their capacities as directors, officers and agents | Case No. 01 C 2963<br>MDL No. 1417<br>Judge James B. Moran<br><br><br>Case Numbers:<br>*Armstrong v. AMSTED Indus., et al.,*<br>CV-01-BU-2081-S (N.D. Ala.);<br>*Duckett v. AMSTED Indus., et al.,*<br>CV-01-J-2118-S (N.D. Ala.);<br>*Gillespie v. AMSTED Indus., et al.,*<br>CV-01-S-2083-S (N.D. Ala.);<br>*Holder v. AMSTED Indus., et al.,*<br>CV-01-BU-2120-S (N.D. Ala.);<br>*LeCroy v. AMSTED Indus., et al.,*<br>CV-01-HGD-2025-S (N.D. Ala.);<br>*Lightsey v. AMSTED Indus., et al.,*<br>CV-01-N-2119-S (N.D. Ala.);<br>*Marchant v. AMSTED Indus., et al.,*<br>CV-01-1962-S (N.D. Ala.);<br>*Mason v. AMSTED Indus., et al.,*<br>CV-01-S-2082-S (N.D. Ala.);<br>*McQueen v. AMSTED Indus., et al.,*<br>CV-01-JEO-2042-S (N.D. Ala);<br>*Sanders v. AMSTED Indus., et al.,*<br>CV-01-B-2117-S (N.D. Ala.);<br>*Smith, D v. AMSTED Indus., et al.,*<br>CV-01-B-2124-S (N.D. Ala.);<br>*Smith, J v. Amsted Indus., et al.,*<br>CV-01-B-2122-S (N.D. Ala.);<br>*Walker v. AMSTED Indus., et al.,*<br>CV-01-B-2123-S (N.D. Ala.);<br>*Wheeler v. AMSTED Indus., et al.,*<br>CV-01-JEO-2121-S (N.D. Ala.).<br><br>(Consolidated in MDL 1417) |



of AMSTED Industries, Inc., and fiduciaries of )
the AMSTED Industries, Inc. Employee Stock )
Ownership Plan, and LASALLE BANK )
NATIONAL ASSOCIATION, )
)
                   **Defendants.** )
)

## PRELIMINARY APPROVAL ORDER

This matter comes before the Court on Plaintiffs' and the Plaintiff Class's motion

for preliminary approval of proposed partial settlement with the AMSTED Defendants

and for approval of the form and manner of notice to the class. After being duly advised

in the premises, and having fully considered the arguments, evidence, and court file, it is

hereby ORDERED as follows:

    1.     The Plaintiff Class's motion for preliminary approval of proposed partial

settlement with the AMSTED Defendants and for approval of the form and notice to the

class is GRANTED.

    2.     The proposed settlement between Plaintiffs and the Plaintiffs' Class, and

the AMSTED Defendants was arrived at through arm's-length negotiations mediated by

the Senior Conference Attorney for the Settlement Conference Program of the United

States Court of Appeals for the Seventh Circuit. It is not a product of collusion.

    3.     The terms of the proposed settlement fall within the range of reasonable

approval and, therefore, are hereby preliminarily approved.

    4.     The notice attached as Exhibit B ("Notice of Proposed Partial Settlement

and Hearing Regarding Settlement") to the motion is approved for dissemination.

    5.     From information they maintain in the ordinary course of their business

and in the ordinary course of administering the ESOP, AMSTED Defendants shall

compile a list of each class member's last known address. Within ten (10) days following entry of this Order, the AMSTED Defendants shall cause the notices to be mailed by first-class mail, postage pre-paid, to all class members at each class member's last known address as it appears on the list compiled by the AMSTED Defendants. The Court finds that this mailing program is reasonable and adequate under the circumstances, and constitutes the best notice practicable, thereby more than satisfying the requirements of FRCP 23(e) and due process.

6.    The schedule for the proceedings on the proposed settlement shall be as follows:

     a.  Mailed notice to be sent on or before May 16, 2005;

     b.  Objections, notices of intent to appear, and summary statements of a class member's grounds for objections to the settlement to be filed on or before June 15, 2005;

     c.  Plaintiffs' Class' Memorandum in Support of Final Approval of the Settlement to be filed on or before June 30, 2005;

     d.  Fairness Hearing on final approval of the settlement on July 19, 2005.

7.    Any class member who wishes to object to the proposed settlement or otherwise be heard with respect to it, or to appear at the Fairness Hearing, must first send a Notice of Intention to Appear and a Summary Statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first-class mail, postage prepaid, to the Office of the Clerk of this Court, with copies to Plaintiffs' Class' counsel, which must be received no later than June 15, 2005. Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to file a Notice of Intention to Appear as well

as a Summary Statement as provided above may be deemed to have waived such objection and will not be heard in person at the hearing.

IT IS SO ORDERED.

Dated: _May 4, 2005_

_James B. Moran_
Honorable Judge James B. Moran
Senior Judge, United States District Court

4