

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMSTED INDUSTRIES, INC. ERISA LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) ) JUAN ARMSTRONG, JAMES E. DUCKETT, ) RODERICK GILLESPIE, LARRY HOLDER, ) JACK D. LECROY, DARWYN LIGHTSEY, ) MICHAEL G. MARCHANT, JOE LEE ) MASON, JR., CHARLES McQUEEN, NOEL ) G. SANDERS, III, DWIGHT SMITH, JOHN E. ) SMITH, GERARD WALKER, DANIEL L. ) WHEELER, and MIGUEL ZEPEDA, JR., ) individually, in their capacity as plan ) participants and beneficiaries on behalf of ) AMSTED Industries, Inc. Employee Stock ) Ownership Plan as a whole, and on behalf of all ) others similarly situated, ) ) Plaintiffs, ) ) vs. ) ) AMSTED INDUSTRIES, INC., AMSTED ) INDUSTRIES, INC. EMPLOYEES STOCK ) OWNERSHIP PLAN (ESOP), and ) ARTHUR W. GOETSCHEL, RAYMOND A. ) JEAN, DAVID B. WHITEHURST, LEWIS ) COLLENS, JOHN M. DIXON, JOHN E. ) JONES, W. ROBERT REUM, RICHARD E. ) TERRY, GORDON R. LOHMAN, THOMAS ) C. BERG, JOSEPH W. NEWMAN, PAUL F. ) FISCHER, O.J. SOPRANOS, BYRON D. ) SPEICE, ROBERT A. CHIAPPETTA, and ) MATTHEW J. HOWER, individually and in ) their capacities as directors, officers and agents ) | Case No. 01 C 2963 MDL No. 1417 Judge James B. Moran  Case Numbers: *Armstrong v. AMSTED Indus., et al.,* CV-01-BU-2081-S (N.D. Ala.); *Duckett v. AMSTED Indus., et al.,* CV-01-J-2118-S (N.D. Ala.); *Gillespie v. AMSTED Indus., et al.,* CV-01-S-2083-S (N.D. Ala.); *Holder v. AMSTED Indus., et al.,* CV-01-BU-2120-S (N.D. Ala.); *LeCroy v. AMSTED Indus., et al.,* CV-01-HGD-2025-S (N.D. Ala.); *Lightsey v. AMSTED Indus., et al.,* CV-01-N-2119-S (N.D. Ala.); *Marchant v. AMSTED Indus., et al.,* CV-01-1962-S (N.D. Ala.); *Mason v. AMSTED Indus., et al.,* CV-01-S-2082-S (N.D. Ala.); *McQueen v. AMSTED Indus., et al.,* CV-01-JEO-2042-S (N.D. Ala); *Sanders v. AMSTED Indus., et al.,* CV-01-B-2117-S (N.D. Ala.); *Smith, D v. AMSTED Indus., et al.,* CV-01-B-2124-S (N.D. Ala.); *Smith, J v. Amsted Indus., et al.,* CV-01-B-2122-S (N.D. Ala.); *Walker v. AMSTED Indus., et al.,* CV-01-B-2123-S (N.D. Ala.); *Wheeler v. AMSTED Indus., et al.,* CV-01-JEO-2121-S (N.D. Ala.).  (Consolidated in MDL 1417) |

of AMSTED Industries, Inc., and fiduciaries of )
the AMSTED Industries, Inc. Employee Stock )
Ownership Plan, and LASALLE BANK )
NATIONAL ASSOCIATION, )
)
           Defendants. )
)

## ~~(PROPOSED)~~ FINAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs and Class Plaintiffs' Motion for Final Approval of Class Action Settlement, preliminarily approved by this Court on May 4, 2005. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness hearing under FRCP 23(e) on August 5, 2005. The Court has reviewed the materials submitted by the parties, has heard arguments presented at such hearing, and is fully advised in the premises.

Having carefully reviewed the entire record in this matter, and having fully considered all of the factors relevant and necessary to the evaluation of the approval of class action settlement, the Court finds that all of the requirements of FRCP 23 have been met; that the members of the Class have been adequately represented at all times; and that the proposed settlement of this class action is fair, reasonable, and adequate. Consequently, for the reasons set forth below and on the record at the fairness hearing, the Court approves the Settlement Agreement as follows:

    1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1109 and 1132. It also has personal jurisdiction over all parties to this action, including all members of the Class.

2. The Court finds that this action satisfies the requirements of FRCP 23, for the reasons set forth in its prior certification orders, and further finds that the Class has at all times been adequately represented by Plaintiffs and Class Counsel.

3. The Notice approved by the Court was provided by first class direct mail delivery to the last known address of each individual identified as a potential Class Member. ~~In addition, follow-up efforts were made to send the Notice to individuals whose original notice was returned as undeliverable~~. The Notice adequately described all the relevant and necessary parts of the proposed settlement agreement. *In the Matter of VMS Partnership Sec. Litig.*, 26 F.3d 50, 51-52 (7th Cir. 1994).

4. The Court finds that the Notice to the Class fully complied with FRCP 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class members. *Eisen v. Carlisle and Jacqueline*, 417 U.S. 156, 177-78, 40 L.Ed.2d 732, 94 S.Ct. 2140 (1974); *Phillips Petroleum v. Shutts*, 472 U.S. 797, 86 L.Ed.2d 628, 105 S.Ct. 2965 (1985).

5. The Court notes that out of the thousands of persons identified as potential Class Members who were notified of the proposed settlement, and the time for the filing of objections having expired, no Class Member has objected to the settlement.

6. The Court has considered and applied the factors set forth by the Seventh Circuit, and it has concluded that the settlement is fair, reasonable, adequate, and in good faith. *See, e.g., Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, (7th Cir. 2002); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *Donovan v. Estate of Frank E. Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985); *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985); *Armstrong v. Bd. Of School Dirs. Of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980), *overruled on other grounds, Felzen v.*

3

*Andreas*, 134 F.3d 873 (7th Cir. 1998). The Court also finds that the costs, risk and uncertainty of further litigation against the settling Defendants strongly support the reduction in the amounts that would have been paid had the Class prevailed in all respects alleged and through any and all appeals.

7. The Settlement is hereby **APPROVED** in its entirety.

8. A permanent injunction, without the necessity of a bond, is hereby issued against Class Members from prosecuting parallel actions.

9. The Court finds that the provision in the Settlement Agreement for Class Counsel to be paid their costs and expenses, as more fully detailed in Class Plaintiffs Memorandum in Support of Motion For Final Approval of Proposed Settlement Between Class Plaintiffs And Amsted Defendants And Award of Attorneys Fees , is fair and reasonable to reimburse them for the out-of-pocket expenses they have incurred and that they may reasonably expect to incur in the continuing litigation against the non-settling Defendants. Accordingly, the Class Counsel are awarded $500,000 for their past and future expenses and costs.

10. The settling Defendants are ordered to distribute the settlement proceeds under the terms of the Settlement Agreement.

11. The Named Plaintiffs and Class Members are hereby released from their obligation to pay *Amsted* Defendants' bills of costs as ordered by the Court in its Memorandum and Decision entered on November 2, 2004.

12. The parties are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

4

13. The Court hereby alters and amends its judgment in favor of the Amsted Defendants entered on July 29, 2004, which is vacated by the approval of this settlement between Class Plaintiffs and the Amsted Defendants, pursuant to Rule 60(b)(6) F.R. Civ. P. The Court grants summary judgment in favor of LaSalle Bank and against Plaintiffs on all of their claims for the reasons stated in the Court's Judgment and Order dated July 29, 2004.

14. The cause against the settling Defendants is hereby dismissed with prejudice, with this Court retaining jurisdiction to enforce the Settlement terms.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2005.

*[signature: James B. Moran]*

Hon. James B. Moran
Senior United States District Judge