JUAN ARMSTRONG, et al.,     )
     )
     Plaintiff,     )
     )
     vs.     )     No. 01 C 2963
     )     (MDL No. 1417)
LA SALLE BANK, N.A.,     )
     )
     Defendant.     )

## MEMORANDUM OPINION AND ORDER

Representatives of a class consisting of all participants in employee stock ownership

plan ("ESOP") of Amsted Industries brought an Employee Retirement Income Security Act

("ERISA") suit against Amsted Industries, Inc., its ESOP, various Amsted officers, and

LaSalle Bank, charging violations of ERISA, breaches of fiduciary duty, breach of contract

and conversion. Individual cases were originally brought in district courts in Alabama,

Illinois, and Florida. On August 22, 2001, the Judicial Panel on Multidistrict Litigation

("Panel") granted defendants' motion to transfer all cases to the Northern District of Illinois

for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Once

before this court, we ordered plaintiffs to file two separate consolidated complaints, one

consisting of Amsted retirees and one for non-retirees. During the course of the pretrial

proceedings, either through settlement or dispositive motions, the retiree plaintiffs' claims

were dismissed and all that now remains is the non-retirees' action against LaSalle Bank,

alleging that the ESOP trustee made an imprudent valuation of the company's stock, causing

heavy losses to class members. A jury trial has been set for March 12, 2007. At this point, all

pretrial proceedings having come to an end, and the non-retiree class plaintiffs (hereinafter

"plaintiffs") have moved this court for suggestion of a remand to the transferor court pursuant to § 1407(a), MDL Panel Rule 7.6(b), and the Supreme Court's decision in <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Kerach</u>, 523 U.S. 26 (1998). For the reasons stated herein, we grant plaintiffs' motion for suggestion of remand.

## DISCUSSION

Plaintiffs argue that as all pretrial proceedings appropriate for this court to oversee have been concluded, we are obligated to suggest that the Panel remand the cases for trial in the transferor court in which they originated – the Northern District of Alabama.[1] Plaintiffs rest their argument on §1407(a), MDL Panel Rule 7.6(b), and <u>Lexecon</u>. Section 1407(a) reads:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however,* That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action remanded.

Rule 7.6(b) reads, in relevant part: "Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district court for trial...." And the Supreme Court, in <u>Lexecon</u>, held that a district court conducting pretrial proceedings pursuant to § 1407 has no authority to transfer a case to itself for trial under the guise of 28 U.S.C. §

---

[1] It is the Panel, and not the transferee court, that remands a transferred case to the originating court. Because the Panel often waits for a suggestion from the transferee court to determine whether all pretrial proceedings have concluded (*see* Manual for Complex Litig. § 20.132 (4th ed.) (hereinafter "MDL"), plaintiffs request that this court suggest a remand.

1404(a).[2]  In <u>Lexecon</u>, the Panel had transferred an action against counsel for plaintiff class to the District of Arizona for consolidation of pretrial proceedings with other actions arising out of the class action suit. After final judgment was issued in the multidistrict litigation, Lexecon moved for referral of the case back to the district in which it had been filed – the Northern District of Illinois. The Arizona district court denied Lexecon's motion and permanently transferred the case to itself pursuant to § 1404(a). The Ninth Circuit affirmed and the Supreme Court reversed. In finding that the district court lacked authority to transfer the case to itself pursuant to § 1404(a), the <u>Lexecon</u> court looked to the plain language of § 1407(a) and indicated that the term "shall" in "shall be remanded...to the district from which it was transferred" created "an obligation impervious to judicial discretion." 523 U.S. at 35.

Although <u>Lexecon</u>'s mandate is seemingly clear, defendant argues that plaintiffs are only seeking remand as a delay tactic, that the case against LaSalle, and plaintiff Zepeda's case, originated in the Northern District of Illinois, not Alabama, that this court should try a "bellwether" case rather than transfer the entire case to Alabama, and that plaintiffs have waived their right to seek remand. Finally, defendant indicates that it objects to a transfer on convenience grounds under § 1404(a).

We begin with the last argument, which is the easiest of which to dispose. <u>Lexecon</u> clearly teaches that a transferee court cannot permanently transfer a case to itself for trial under § 1404(a).  *See also* <u>Solis v. Lincoln Electric Co.</u>, 2006 WL 266530, *3, n13 (N.D.Ohio 2006) ("Indeed, the originating, transferor court may grant a motion to transfer venue *back to* the transferee court, pursuant to § 1404(a), *after* the transferee court has remanded the case

---

[2]Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

to the originating court, pursuant to § 1407(a); but the transferee court may not skip a step and grant a § 1404(a) transfer itself"). Thus, we decline to address defendant's § 1404 argument.

We dispose of defendant's argument regarding delay as easily. Defendant argues that plaintiffs' over-valuation theory has collapsed, while plaintiffs contend that there is abundant evidence to the contrary. To determine that, we would need to address the merits of plaintiffs' claims. Before us is a motion to determine which court should review the merits of this case, and we decline to address the merits prematurely.

We next turn to defendant's arguments that the case against LaSalle and plaintiff Zepeda's claims originated in the Northern District of Illinois. Defendant correctly notes that neither LaSalle nor Zepeda showed up in any filings or complaints until the case was transferred to this court. Such a contention, however, is insufficient to escape the remand requirements of § 1407(a). The addition of neither LaSalle nor Zepeda was made in an effort to retain jurisdiction in this district. Neither party was involved in a separate action filed in this district. Rather, both were added to the ongoing multidistrict litigation. Therefore, transfer is still appropriate. *But cf.* Altamont Pharmacy, Inc. v. Abbott Laboratories, 2002 WL 69495 (N.D.Ill.2002) (where a number of plaintiffs opted out of the class and refiled in the Northern District of Illinois, that court was the proper venue to try the opt-out plaintiffs' cases).

Defendant also argues that Zepeda's case should be tried as a "bellwether" case in this district, which will act as collateral estoppel as to the remaining plaintiffs' claims. We disagree. While the Manual for Complex Litigation does indicate that a court may remain faithful to Lexecon, and yet "conduct a bellwether trial of a centralized action or actions

originally filed in the transferee district" (MCL § 20.132), that has no application here. As noted, Zepeda did not file a separate action in the Northern District of Illinois subsequently consolidated with the consolidated class complaint. Rather, he was later added as a named plaintiff to the ongoing complaint. Further, Mr. Zepeda has chosen to remove himself from additional service as a class representative for the trial of these cases (see plfs' reply, at 3).

Finally, we turn to defendant's argument that plaintiffs have waived any objection to venue. Defendant supports its assertion by noting that plaintiffs filed a consolidated complaint in this district that pled proper venue in Chicago and they failed to object to the setting of a trial date in this district. Section 1407(a) is a venue statute, and thus can be waived (see Solis, 2006 WL 266530, at *4 ("A critical qualifier to the Lexecon analysis, however, is that § 1407(a) is not a jurisdictional limitation, but simply 'a venue statute that...limits the authority of courts (and special panels) to override a plaintiff's choice")), and we must determine whether plaintiffs waived their objection.

At the outset, we note the timing of plaintiffs' request – it is late in the game for plaintiffs to be raising the issue of remand. Although pretrial motions may have recently ended, plaintiffs could have mentioned their intentions at an earlier date. Trial dates have been set and reset without protest. LaSalle is undoubtedly correct that plaintiffs would prefer to try this case elsewhere or at a later date, or both. Even acknowledging that plaintiffs have been less than forthcoming, however, we do not find that they consciously waived their right to object to venue.

Defendant points to In re African-American Slave Descendants Litigation, 471 F.3d 754 (7th Cir.2006) to supports its waiver argument. Therein, the Seventh Circuit indicated that plaintiffs' filing of a consolidated complaint in the Northern District of Illinois, without

objecting to venue in Chicago, would grant the Illinois court authority to determine the case on the merits. That case, however, ultimately determined whether the Illinois district court could rule on a motion to dismiss, not whether the court could preside over the trial. Without further explanation from the Court of Appeals, we decline to extend In re African-American Slave Descendants to the case at hand. This is especially true because the Seventh Circuit has consistently set a high bar for finding waiver, which has been defined as "a deliberate relinquishment of a known right." Higgins v. Mississippi, 217 F.3d 951, 955 (7th Cir.2000). The Court of Appeals has generally required that waivers be clear and unambiguous. See Grey Direct, Inc. v. Erie Ins. Exchange, 460 F.3d 895, 900-01 (7th Cir.206) (evidence of waiver of a defense must be clear, precise, and unequivocal); U.S. v. Jones, 381 F.3d 615, 619 (7th Cir.2004) ("A defendant may waive his appeal rights as part of a plea agreement, provided the waiver is clear and unambiguous"); Mueller v. Thompson, 133 F.3d 1063, 1064 (7th Cir.1998) ("Federal courts will not entertain suits against a state that arise under a federal statute to which the Eleventh Amendment is applicable unless the state has made its intention to waive its rights under the amendment clear"); Int'l Union, United Auto., Aerospace and Agricultural Implement Workers of American v. N.L.R.B., 802 F.2d 969, 973 (7th Cir.1986) (waiver of a statutory right regarding collective bargaining must be clear and unmistakable).

We do not find that by filing a boilerplate pleading, plaintiffs affirmatively waived their objection to venue. See In re Propulsid Products Liability Litig., 208 F.R.D. 133, 141-42 (E.D.La.2002) (treating the master consolidated complaint in the transferee district as a traditional complaint "could be used to circumvent the remand requirement of 28 U.S.C. § 1407 by substituting itself for all individual actions filed in the MDL and thereby frustrate the intended effect of that statute as recognized in the Supreme Court's decision in Lexecon, Inc.

v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998)"). *See also* In re General Instrument Corp. Securities Litig., 1999 WL 515485, *4 (N.D.Ill.1999) (plaintiffs did not waive their right to remand by amending their complaints consistent with the Panel's transfer order). Nor do we find that this is a case where plaintiffs requested trial in this court or fought to remain in the Northern District of Illinois. *But cf.* In re Carbon Dioxide Industry Antitrust Litig., 229 F.3d 1321 (11th Cir.2000) ("Appellants were fighting to keep their cases in the Middle District of Florida, not to get them out"); Solis, 2006 WL 266530, at *5 ("All parties proceeded on the assumption that both cases would be tried in this district. In other words, all of plaintiffs' actions in this litigation, to this point, confirm that, as to those plaintiffs designated for treatment as a bellwether case, they agreed to waive any venue-based objection to this Court's trial of those cases"); In re WorldCom, Inc. Securities Litig., 2005 WL 2403856, *2 (S.D.N.Y.2005) (plaintiffs waived venue objections by failing to follow procedure set forth by the court to preserve such objections).

It would be a nightmare scenario for us to retain jurisdiction and try this case, and then be overturned – our decision vacated by the Court of Appeals. Such a reversal would require the case to be re-tried in Alabama. Therefore, as we find that plaintiffs have not clearly and explicitly waived their right to object to venue, we reluctantly grant their motion for suggestion of a remand to the Northern District of Alabama.

## CONCLUSION

For the reasons stated herein, we grant plaintiffs' motion for suggestion of a remand to the Northern District of Alabama.

James B. Moran

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb 22 , 2006.