IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ARMSTRONG, et al., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 01 C 2963 ) (MDL No. 1417) |
| LA SALLE BANK, N.A., | ) ) |
| Defendant. | ) |

ORDER AMENDING MEMORANDUM OPINION AND ORDER
TO ADD SECTION 1292(b) CERTIFICATION AND
VACATING FINAL JUDGMENT AND TRANSFER ORDER

Representatives of a class consisting of all participants in an employee stock ownership plan ("ESOP") of Amsted Industries brought an Employee Retirement Income Security Act ("ERISA") suit against Amsted Industries, Inc., its ESOP and various Amsted officers, charging violations of ERISA, breaches of fiduciary duty, breach of contract, and conversion. Individual cases were originally brought in district courts in Alabama, Illinois and Florida. On August 22, 2001, the Judicial Panel on Multidistrict Litigation ("Panel") granted defendants' motion to transfer all cases to the Northern District of Illinois for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Once before this court, we ordered plaintiffs to file two separate consolidated complaints, one consisting of Amsted retirees and one for non-retirees. The non-retirees' consolidated complaint added LaSalle Bank, N.A., as Trustee of Amsted's ESOP ("LaSalle"), as a defendant for the first time. During the course of the pretrial proceedings, either through settlement or dispositive motions, the retiree plaintiffs' claims and all non-retirees' claims against Amsted and its affiliated defendants were dismissed, and all that now remains is the non-retirees' action against LaSalle, alleging that the ESOP trustee made an imprudent valuation of the company's stock, causing heavy losses to the non-retiree plaintiffs ("Class Plaintiffs").

In July 2006, we set a bench trial to begin in March 2007. Subsequent orders since then confirmed a trial date of March 12, 2007, and trial was scheduled to last three weeks. However, on February 5, 2007, after pretrial proceedings came to an end and less than two weeks prior to the date the pretrial order was due, the Class Plaintiffs moved this court for suggestion of remand to the transferor court pursuant to § 1407(a), MDL Panel Rule 7.6(b), and the Supreme Court's decision in Lexecon, Inc v. Milberg Weiss Bershad Hynes & Kerach, 523 U.S. 26 (1998).

On February 22, 2007, we entered a Memorandum Opinion and Order (Docket # 307) and Judgment (Docket # 308) which reluctantly: (1) granted Class Plaintiffs' motion for suggestion of remand; and (2) transferred these proceedings to the United States District Court for the Northern District of Alabama. On February 26, 2007, LaSalle promptly moved this Court to reconsider (Docket # 309) its Memorandum Opinion and Order to certify two questions for immediate interlocutory appeal to the United States Court of Appeals for the Seventh Circuit:

> 1. Whether the filing of an amended complaint agreeing to venue and jurisdiction in the transferee court, and which adds a defendant that may only fairly be sued in the transferee court, constitutes consent to trial in the transferee court sufficient to overcome the right to seek remand under 28 U.S.C. § 1407(a) and the Supreme Court's decision in Lexecon, Inc. v. Milberg Weiss Berchad Hynes & Lerach, 523 U.S. 26 (1998); and
>
> 2. Whether a waiver of the right to remand under Section 1407(a) requires evidence of a "deliberate relinquishment of a known right" or may be shown implicitly by conduct inconsistent with an intent to seek remand.

After considering LaSalle's motion, we vacate the Judgment and transfer order and amend our Memorandum Opinion and Order, pursuant to 28 U.S.C. § 1292(b), to certify the two questions LaSalle has presented.

## DISCUSSION

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

An appeal under Section 1292(b) must satisfy four criteria: (1) "there must be a question of law," (2) "it must be *controlling*," (3) "it must be *contestable*," and (4) "its resolution must promise to *speed up* the litigation." Ahrenholz v. Board. of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). It is "the duty of the district court . . . to allow an immediate appeal to be taken when the statutory criteria are met[.]" Id. at 677.

We consider each criterion in turn.

1. **The Questions Presented Are "Questions of Law."**

A question of law under Section 1292(b) is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" that "the court of appeals could decide quickly and cleanly without having to study the record[.]" Ahrenholz, 219 F.3d at 676. Under this standard, LaSalle's proposed questions are questions of law because both seek to clarify the contours of § 1407(a)'s command to district courts to remand cases transferred to them after consolidated and coordinated pretrial proceedings are completed.

With respect to the first question, LaSalle asserts that the Seventh Circuit's recent decision in In re African-American Slave Descendants Litig., 471 F.3d 754 (7th Cir. 2006) confirms that the mandate to remand cases under Section 1407(a) is not absolute, and may suggest that a plaintiff may consent to trial in the transferee district court by filing an amended complaint that acknowledges proper venue and jurisdiction in the transferee court.

With respect to the second question, LaSalle essentially seeks clarification of the legal standard to be applied to claims of waiver under Section 1407(a), namely, whether the "high bar

for finding waiver" that the Seventh Circuit developed in other kinds of cases (such as criminal cases) also applies in this case, as we believe it did (See Mem. Op. at 6) or whether waiver may be found on a lesser showing based on a litigant's conduct which is inconsistent with the intent to exercise the right to seek remand. See, e.g., In re Carbon Dioxide Indus. Litig., 229 F.3d 1321, 1326 (11th Cir. 2000) ("[A]ppellants' every action belies their assertion to the district court on the day of trial that '[w]e, of course, have been contending from the get go . . . that we want to be in Mississippi.'"); Solis v. Lincoln Elec. Co., 2006 WL 266530, at *4 (N.D. Ohio Feb. 1, 2006) ("Ever since August of 2004, all of the Court's case managements orders – the entry of nearly all of which the plaintiffs joined or stipulated in seeking – have reflected the Court's and the parties' understanding regarding where the bellwether trials would take place."); In re Worldcom, Inc. Securities Litig., 2005 WL 2403856, at *2 (S.D.N.Y. Sept. 30, 2005) (plaintiffs waived venue objections by failing to follow procedures set forth by the Court to preserve such objections) (cited in Slip op. at 7).

LaSalle argues that, under other venue statutes, such as Section 1406, the waiver bar does not appear to be as high as the one we applied to the venue provisions of Section 1407(a). See Manley v. Engram, 755 F.2d 1463, 1468 (11th Cir. 1985) ("[T]he right to object to improper venue may be waived in any of several ways: by express waiver, by conduct amounting to waiver as a matter of law, or by failure to interpose a timely and sufficient objection."). Moreover, waiver may be inferred from post-pleading conduct under Section 1406 even when a litigant expressly preserves an objection at the outset. Cf. Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (objection to personal jurisdiction initially preserved in answer waived by subsequent participation in litigation).

We agree that both questions LaSalle proposes for certification are questions of law that seek to clarify the contours of the Section 1407(a) mandate and meet the first Ahrenholz factor.

2.      **The Questions Presented Are "Controlling."**

The second <u>Ahrenholz</u> factor requires that the question of law proposed for certification be "controlling." <u>Ahrenholz</u>, 219 F.3d at 675. A question of law is "controlling" under 28 U.S.C. § 1292(b) if "its resolution is quite likely to affect the further course of litigation, even if not certain to do so." <u>Sokaogon v. Gaming Enter. Co. v. Tushie-Montgomery Assocs., Inc.</u>, 86 F.3d 656, 659 (7th Cir. 1996). As the Seventh Circuit has noted, "a growing number of decisions have accepted the rule that a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." <u>Johnson v. Burken</u>, 930 F.2d 1202, 1206 (7th Cir. 1991) (quoting 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice and Procedure § 3930 (1977)).

Both questions LaSalle requests the Court to certify are controlling under this standard because both seek to clarify the proper forum for the continued litigation, an issue which unquestionably affects its course and an answer to which will undoubtedly save considerable time for the Court and expense for the parties. <u>Cf.</u> <u>In re Warrick</u>, 70 F.3d 736, 740 (2d Cir. 1995) (granting writ of mandamus to correct a district court's Section 1404 transfer).

3.      **The Questions Presented Are "Contestable."**

The third <u>Ahrenholz</u> factor requires that the question proposed for certification be "contestable." <u>Ahrenholz</u>, 219 F.3d at 675. Both questions LaSalle proffers for certification raise issues over which parties and courts may reasonably differ. Indeed, we acknowledged some of the contrasting positions in our Memorandum Opinion and Order.

    a.      **It Is Contestable Whether Filing An Amended Complaint In The Transferee Court Constitutes Consent To Trial There.**

With respect to the first question, we rejected LaSalle's argument that Plaintiff's amended complaint constituted consent to trial in this jurisdiction, citing primarily In re Propulsid Products Liability Litig., 208 F.R.D. 133, 141-42 (E.D. La. 2002) (treating the master consolidated complaint in the transferee district as a traditional complaint "could be used to circumvent the remand requirement of 28 U.S.C. § 1407 by substituting itself for all individual actions filed in the MDL and thereby frustrate the intended effect of that statute . . . ."). Mem. Op. at 6-7. In doing so, we declined to extend to this case the Seventh Circuit's recent decision in African-American Slave Descendents, which held that, after plaintiffs had filed an amended complaint in the transferee district, "the district court was unquestionably authorized notwithstanding Lexecon . . . to determine the merits of the suit." African-American Slave Descendents, 471 F.3d at 756 (citation omitted). We read African-American Slave Descendents narrowly as authorizing a transferee court presented with a venue- and jurisdiction-vesting amended complaint to decide *only* motions to dismiss and other potentially dispositive *pretrial* motions, and not to preside over the trial itself. Mem. Op. at 5-6.

However, LaSalle argues that African-American Slave Descendents is broader than we interpreted it, insofar as the Seventh Circuit authorized the district court to retain jurisdiction over the claims of all litigants "for the duration of the litigation," with the limited exception of those litigants that had *not* joined the amended complaint. See African-American Slave Descendents, 471 F.3d at 763. This holding raises a substantial question as to what African-American Slave Descendents really means – a question that we implicitly recognized when we commented that we were interpreting the decision "[w]ithout further explanation from the Court of Appeals." Mem. Op. at 6. We therefore agree that the first question LaSalle has proposed should be certified to allow the Seventh Circuit to explain its decision in African-American Slave Descendents, particularly its impact on the Section 1407(a) mandate to remand.

In addition, Class Plaintiffs filed an amended complaint in this district which not only acknowledged that jurisdiction and venue were proper here, but also added for the first time a party (LaSalle) that could fairly have been sued only in *this* jurisdiction, not in Alabama. LaSalle informs the Court that all of its fact witnesses (all of whom are non-parties) and all of Plaintiffs' material fact witness are within the subpoena power of *this* court, but *not* within the subpoena power of any Alabama district court.[1] Thus, a case originally filed against LaSalle in Alabama would not likely have lasted long there. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) (in a motion for change of venue, convenience of witnesses is "probably considered the single-most important factor in the analysis"); Grundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166-67 (S.D. Tex. 1994) (location of non-party witnesses determinative). LaSalle argues that, because venue in a lawsuit against it would obviously not have been convenient in Alabama, and perhaps not proper at all, the decision to sue LaSalle only after the litigation had been transferred here was an express recognition that this forum was not merely an appropriate one for consolidated pretrial proceedings, but *the* appropriate one for trial. The Court agrees that the issue is contestable and that the first question meets the third Ahrenholz factor.

    b.    The Court Recognized That The Issue Of Plaintiffs' Waiver Presented A Close Question And Applied A Restrictive Waiver Standard To Resolve It.

We recognized that a litigant's conduct may result in waiver of the right to seek remand under Section 1407(a), but nevertheless suggested remand of this case to Alabama because "[i]t would be a nightmare scenario for us to retain jurisdiction and try this case, and then be overturned – our decision vacated by the Court of Appeals." Mem. Op. at 7.

---

[1] LaSalle and Amsted are both Chicago-based, LaSalle performed its fiduciary functions as Trustee here in Chicago, and the Duff & Phelps personnel who performed the disputed 1999 ESOP share valuation at the heart of this case are resident in the Duff & Phelps Chicago office.

However, we were critical of Class Plaintiffs' conduct in this case, noting in our Memorandum Opinion and Order that "plaintiffs have been less than forthcoming," that "trial dates have been set and reset without protest," and that "plaintiffs could have mentioned their intentions at an earlier date." Mem. Op. at 6. Trial has been set or reset by this Court *four* times without objection, Class Plaintiffs filed a motion to amend the Court's pretrial schedule in September 2006 acknowledging the original March 5, 2007 trial date, and the Class Plaintiffs delayed suggesting remand until less than two weeks before the final pretrial order was due in a three-week trial, the setting of which was agreed to by Class Plaintiffs more than seven months ago in July 2006. Class Plaintiffs' conduct thus raises a considerable, and contestable, question as to whether they waived their right to request remand under Section 1407(a).

The Court was thus presented with a dilemma – not wanting to countenance Class Plaintiffs' dilatory behavior but also finding it simply too risky to try the case in light of Lexecon without guidance from the Court of Appeals. We reluctantly granted the motion for suggestion of remand to avoid the risk. However, LaSalle argues that, in doing so, the Court adopted too restrictive a waiver standard and that the waiver standard should be similar to that adopted under other venue provisions, such as Section 1406, as discussed above. We agree that the proper waiver standard under 1407 is contestable and that the second question satisfies the third Ahrenholz factor.

The interests of all constituents would be best served by immediate interlocutory appeal. First, an appeal would eliminate the risk in trying this case without guidance from the Court of Appeals because LaSalle seeks clarification of the proper legal standard to be applied in the waiver analysis and a clear mandate from the Court of Appeals as to whether or not this case can proceed here despite Section 1407(a) and Lexecon. Second. as discussed below, the parties can avoid the expense attendant to moving to change venue back to this Court immediately after the case is

transferred to Alabama and reassigned if it ultimately turns out that trial in Alabama would be inconvenient, if not impossible.

4.	**An Immediate Appeal Would Materially Advance The Litigation.**

The last Ahrenholz factor the Court must consider before certifying a question for interlocutory appeal is whether an immediate answer from the Court of Appeals would materially advance ("speed up") the litigation. Ahrenholz, 219 F.3d at 675. An answer to either or both questions would expedite the proceedings dramatically.

First, this Court is familiar with the litigation, after having presided over it for nearly six years. The case is complicated and the facts are extensive and a new judge will not only have to devote significant time to familiarizing himself with the case, but will also have to find three weeks in what is undoubtedly a busy docket to try it.

Second, should the Court's order suggesting remand remain unreviewed, this case will be transferred to Alabama, possibly as a collection of individual cases, each of which must be returned to its place of origin. Since a trial in Alabama might mean a trial with no live material fact witnesses (because LaSalle tells us that none of them is within the Alabama district court's subpoena power) (see supra, n.1), all transfer will do is force LaSalle to reconsolidate the cases in Alabama, if they are not remanded by the Panel as a whole, and then move to transfer them back to this jurisdiction pursuant to 28 U.S.C. § 1404(a) so that LaSalle can avail itself of this Court's subpoena power and secure live testimony at trial. It would be a meaningless exercise that could easily be avoided if the Court of Appeals holds that Class Plaintiffs' amended complaint is a sufficient basis for trial here and/or that Class Plaintiffs waived their right to seek remand by waiting until shortly before trial to object to venue.

## CONCLUSION

For the foregoing reasons, we vacate our Judgment and transfer order (Docket # 308) pending disposition by the Court of Appeals, and amend our Memorandum Opinion and Order (Docket #307) to grant certification of the two following two questions pursuant to 28 U.S.C. § 1292(b):

> 1. Whether the filing of an amended complaint agreeing to venue and jurisdiction in the transferee court, and which adds a defendant that may only fairly be sued in the transferee court, constitutes consent to trial in the transferee court sufficient to overcome the right to seek remand under 28 U.S.C. § 1407(a) and the Supreme Court's decision in Lexecon, Inc. v. Milberg Weiss Berchad Hynes & Lerach, 523 U.S. 26 (1998); and
>
> 2. Whether a waiver of the right to remand under Section 1407(a) requires evidence of a "deliberate relinquishment of a known right" or may be shown implicitly by conduct inconsistent with an intent to seek remand.

JAMES B. MORAN
Senior Judge, U.S. District Court

March 2, 2007.